IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF GREEN STREET MONTHLY MEETING OF FRIENDS<br>45 West School House Lane<br>Philadelphia, PA 19144,<br><br>*Plaintiff*,<br><br>v.<br><br>CITIZENS BANK, N.A.<br>One Citizens Plaza<br>Providence, RI 02903<br><br>*Defendant*. | **CIVIL ACTION**<br><br>No. _____ |

## COMPLAINT

Plaintiff Trustees of Green Street Monthly Meeting of Friends ("Green Street Meeting"), for its Complaint against Defendant Citizens Bank, N.A. ("Citizens Bank"), states as follows:

1. This action arises out of Citizens Bank's breach of a commercial lease (the "Lease") of an office building and premises at 5500-06 Germantown Avenue, Philadelphia (the "Premises"), owned by Green Street Meeting. Citizens Bank operates a retail bank business at the Premises, which serves the Germantown, Philadelphia neighborhood and community. Citizens Bank, together with its predecessors, has leased the Premises and provided retail banking to the Germantown community for 50 years.

2. As a consequence of Citizens Bank's breach, Green Street Meeting has sustained damages in excess of $1,000,000.

## THE PARTIES

3. Green Street Meeting is a Quaker congregation and charitable institution organized under Pennsylvania law and located in Philadelphia's Germantown neighborhood at 45 West School House Lane, Philadelphia, PA. Green Street Meeting operates Greene Street

Friends School, a K-8 school that is adjacent to the Premises that has served the Germantown community since 1855. Green Street Meeting owns the Premises and leased it to Citizens Bank under the Lease.

4. Citizens Bank is, on information and belief, a national bank incorporated in the State of Rhode Island with its main office or principal place of business in Providence, Rhode Island. According to its website, Citizens Bank is the 13th largest retail bank in the United States. Citizens Bank or a corporate predecessor, Citizens Bank of Pennsylvania, has been the lessee under the Lease since approximately December 1, 2001.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and the controversy is between parties that are citizens of different states.

6. This Court has personal jurisdiction over Citizens Bank because it regularly conducts business in this Commonwealth.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Citizens Bank resides in this district for purposes of venue, the cause of action arose in this district, a transaction or occurrence from which the cause of action arose occurred in this district, and the real property at issue is located in this district.

## FACTS

8. The Premises is located in the heart of Germantown, at 5500-06 Germantown Avenue, Philadelphia, Pennsylvania.

9. For approximately 50 years, the Premises has been operated as a retail bank, serving the Germantown community.

10. On or as of December 1, 1971, Girard Trust Bank entered into the Lease with the then record owner of the Premises, Nancy Realty Company, and occupied the Premises as tenant. Mellon Bank, N.A. later succeeded Girard Trust Bank as tenant and, on or as of December 1, 2001, assigned the Lease to Citizens Bank of Pennsylvania. A copy of the Lease, with the Assignment and Assumption of Leases, is attached as Exhibit 1. In approximately 2019, Citizens Bank of Pennsylvania was merged into Citizens Bank, the present Defendant, which succeeded to the Lease.

11. Green Street Meeting acquired the Premises and succeeded to the Lease as landlord in 2008.

12. The Lease is of a type known in the commercial real estate profession as a "net lease," *i.e.,* a compact under which the lessee, in consideration of a favorable base rent, takes on responsibility for all expense of the Premises, as discussed below in greater detail.

13. Pursuant to the Lease, Citizens Bank agreed to pay monthly rent and maintain and repair the Premises. Because the obligation to maintain and repair is all-encompassing, the Lease provides for an annual rent that would otherwise be below market rate. Specifically, with respect to maintenance and repair, Citizens Bank expressly agreed as follows:

> [A]t its sole cost and expense, [Citizens Bank] shall take good care of the demised Premises and shall keep the same in good order and condition, and make all necessary repair thereto, interior and exterior, structural and non-structural, ordinary and extra-ordinary or radical, foreseen and unforeseen. When used in this Article 7, the term "repairs" shall include all necessary replacements, renewals and alterations.

(Lease § 7.01.)

14. Citizens Bank also agreed to keep and maintain the Premises' fixtures in good and usable condition, making all necessary repairs and replacements. Specifically, Citizens Bank agreed in this regard as follows:

>Section 4.02.  All fixtures, machinery and equipment necessary for the general operation of the Demised Premises (not specifically as a bank) shall, throughout the term of this Lease, be the property of the Lessor and none of the same shall be removed from the Demised Premises, excepting for purposes of repair or replacement with similar or other equipment or other arrangement equally suitable for continuance of such operation of the Demised Premises.  Lessee shall keep and maintain such fixtures, machinery and equipment at all times throughout the term of this Lease in good and usable condition with all necessary replacements thereof, sufficient for the general operation of the Demised Premises and shall deliver the same in such condition to Lessor as additional rent at termination of Lessee's tenancy hereunder.

(Lease § 4.02.)

15. In further recognition of this all-encompassing responsibility to maintain the Premises, the base rent under the Lease is not subject to any escalation. That is, because of its maintenance obligations, Citizen Bank (and its predecessors under the Lease) have enjoyed the same below market base rent for fifty years.

16. Under the Lease, Citizens Bank also agreed, at its sole cost and expense, to promptly remedy any and all code or safety violations. Specifically, Citizens Bank agreed as follows:

>COMPLIANCE WITH LAWS, ORDINANCES AND REGULATIONS
>
>Section 8.01.  Throughout the term of this Lease, Lessee, at its sole cost and expense, shall promptly remove any violation and shall promptly comply with all present and future laws, ordinances, orders, rules, regulations and requirements of all federal, state, and municipal governments, courts, departments, commissions, boards any national or local Insurance Rating Bureau, or any other body exercising functions similar to those of any of the foregoing, radical, foreseen or unforeseen, ordinary as well as extra ordinary, which may be applicable to the Demised Premises, or any part thereof, or the sidewalks, curbs, vaults, passageways, alleys, entrances, coverings or rooflike structures placed upon or extending over any sidewalk or any space adjacent thereto, or to

>           the use or manner of use of the Demised Premises, or any part
>           thereof, or the owners, lessees or occupants thereof, whether or not
>           any such law, ordinance, order, rule, regulation or requirement
>           shall necessitate radical structural changes, additions, or
>           improvements, or the removal of any structure, encroachment or
>           projections, ornamental or structural, onto or over the streets
>           adjacent to the Demised Premises, or onto or over property
>           contiguous or adjacent thereto, and whether or not the correction or
>           removal so necessitated shall have been foreseen or unforeseen or
>           whether the same shall involve radical or extraordinary
>           construction or other disposition.

(Lease § 8.01.)

17.     Over the years of its occupancy and enjoyment of the use of the Premises, Citizens Bank has failed, among other things, to replace, renew, or alter elements of the Premises that broke down or wore out over the course of their useful lives, as it promised to do, and has generally failed to protect and maintain the Premises as required by the Lease.

18.     Among other things, the Premises urgently requires the following repairs, replacements, and maintenance: roof, elevators, floor tiling, electrical system, portions of the HVAC system, and lead paint abatement.

19.     Green Street Meeting has provided Citizens Bank with detailed descriptions of repairs, replacements, and maintenance items that require attention, and requested that Citizens Bank arrange to have these repairs and maintenance items addressed, but Citizens Bank has declined or ignored the requests.

20.     By letter dated June 15, 2021, Green Street Meeting provided Citizens Bank with a formal Notice of Default and requested that Citizens Bank remedy the defaults. A copy of the Notice of Default is attached as Exhibit 2.

21.     Citizens Bank refused.

22. Citizens Bank has now informed Green Street Meeting that it will close its Germantown branch and vacate the Premises at the end of the current Lease term in November 2021.

23. After enjoying below market rent for decades, depleting the useful life of many of the Premises' interior and exterior systems and structures, and generally running Green Street Meeting's Premises into the ground, Citizens Bank intends simply to pull up stakes, turn its back, and leave without making the contractually required repairs, replacements, and alterations; leaving Green Street Meeting with a dilapidated building, all in violation Citizens Bank's duties under the Lease.

24. The Lease also obligates Citizens Bank, at Green Street Meeting's request, to remove a broad range of materials and fixtures from the Premises, including, but not limited to banking and tellers' screens, signs and plaques, vault, vault doors, lining and screens, money safes, alarms and other protective devices, and night and drive-in depositories and "repair, at its sole cost, any damages resulting therefrom." (Lease § 4.03.)

25. Citizens Bank's election to leave the Premises triggered Citizens Banks' obligation to remove its trade fixtures and to repair any damage resulting from such removal, all of which has to be done prior to Citizens Bank's planned departure in November 2021. Green Street Meeting has demanded that it do so, but Citizens Bank has yet to do so or to provide adequate assurances that it will do so.

26. Citizens Bank also agreed, expressly in the Lease, to pay Green Street Meeting's reasonable attorneys' fees and costs should Green Street Meeting incur any such fees and expenses in connection with enforcing the Lease. (Lease § 6.02.)

## COUNT I

27. Green Street Meeting incorporates the averments of the preceding paragraphs.

28. The Lease is a valid, binding, and enforceable contract.

29. By engaging in the above-described conduct, Citizens Bank has materially breached the Lease.

30. As a result of Citizens Bank's material breach of the Lease, Green Street Meeting has suffered and will suffer damages in excess of $1,000,000. These damages are ongoing and include diminution in the Premises' value and losses resulting from any delay in reletting the Premises caused by Citizens Bank's breaches.

31. Green Street Meeting has also incurred and will incur reasonable attorneys' fees and costs and is entitled to recover them from Citizens Bank.

WHEREFORE, Green Street Meeting respectfully requests that this Court enter judgment in its favor and award the following relief:

    (i)    An award of compensatory damages in excess of $1,000,000;

    (ii)    An order requiring Citizens Bank to remove all trade fixtures and repair any damages caused by such removal within 30 days;

    (iii)    An award of Green Street Meeting's attorneys' fees and costs; and

    (iv)    Such other relief as the Court deems just and proper.

Dated: August 25, 2021

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

By: _____
William T. Hangley (Attorney ID No. 03533)
Robert L. Ebby (Attorney ID. No. 74240)
One Logan Square, 27th Floor
Philadelphia, PA 19103
Tel: (215) 568-6200
whangley@hangley.com
rebby@hangley.com